United States District Court
Southern District of Florida
FT. PIERCE DIVISION

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 2:08-14029-CR-GRAHAM |
| **GABRIEL DOMINGUEZ** | USM Number: 76041-004 |
| | Counsel For Defendant: Dave Brannon, Esq. |
| | Counsel For The United States: Rinku Talwar, AUSA |
| | Court Reporter: Carleen Horenkamp |

The defendant pleaded guilty to Count One of the Indictment.
The defendant is adjudicated guilty of the following offense:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1470 | Transfer of Obscene Material to a Minor | November 2, 2007 | One of the Indictment |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
October 10, 2008

_____
DONALD L. GRAHAM
United States District Judge

October  15 ,2008

DEFENDANT: GABRIEL DOMINGUEZ
CASE NUMBER: 2:08-14029-CR-GRAHAM

## PROBATION

The defendant is hereby sentenced to probation for a term of Five (5) Years as to Count One of Indictment.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 2:08-cr-14029-DLG   Document 41   Entered on FLSD Docket 10/16/2008   Page 3 of 5
USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case
Page 3 of 5

DEFENDANT: GABRIEL DOMINGUEZ
CASE NUMBER: 2:08-14029-CR-GRAHAM

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional condition of probation:

The defendant shall participate in an approved inpatient/outpatient mental health treatment program. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

Data Encryption Restriction: The Defendant shall not possess or use any data encryption technique or program.

Permissible Computer Examination: The defendant shall submit to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer(s) equipment which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use.

Offense Related Computer Restriction: The Defendant shall refrain from accessing via computer any "material" that relates to the activity in which the defendant was engaged in committing the Instant Offense, namely pornography.

Employer Computer Restriction Disclosure: The Defendant shall permit third party disclosure to any employer or potential employer, concerning any computer related restrictions that are imposed upon the Defendant.

No Unsupervised Contact with Minors: The defendant shall have no unsupervised, personal, mail, telephone, or computer contact with children/minors under the age 18 or with the victim.

No Contact with Minors in Employment: The defendant shall not be employed in a job requiring contact with children under the age of 18 or with the victim.

No Involvement in Youth Organizations: The defendant shall not be involved in any children's or youth organization.

Mental Health Treatment: The defendant shall participate in an approved inpatient/outpatient mental health treatment program. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

Restricted from Possession of Sexual Materials:   The defendant shall not buy, sell, exchange, possess, trade, or produce visual depictions of minors or adults engaged in sexually explicit conduct. The defendant shall not correspond or communicate in person, by mail, telephone, or computer, with individuals or companies offering to buy, sell, trade exchange, or produce visual depictions of minors or adults engaged in sexually explicit conduct.

Permissible Search:    The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

Case 2:08-cr-14029-DLG   Document 41   Entered on FLSD Docket 10/16/2008   Page 4 of 5
USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case
Page 4 of 5

DEFENDANT: GABRIEL DOMINGUEZ
CASE NUMBER: 2:08-14029-CR-GRAHAM

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | $waived | $ |

\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: GABRIEL DOMINGUEZ
CASE NUMBER: 2:08-14029-CR-GRAHAM

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

    A. Lump sum payment of **$100.00** due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **400N. MIAMI AVENUE, ROOM 8N09**
    **MIAMI, FLORIDA 33128**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Forfeiture of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea agreement of forfeiture. The United States shall submit a proposed order of forfeiture within three days of this proceeding.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.