UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-14029-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GABRIEL DOMINGUEZ,

    Defendant.

_____/

FILED by _____ D.C.

JAN 21 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

**REPORT AND RECOMMENDATION ON FINAL EVIDENTIARY
HEARING ON PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE**

    **THIS CAUSE** having come on to be heard for a final evidentiary hearing on January 21, 2011, in respect to the Petition dated December 29, 2010 alleging six violations of supervised release, and this Court having received evidence, testimony and argument at the final evidentiary hearing, makes the following recommendation to the District Court:

    1.    At the outset of the evidentiary hearing, counsel for the government announced that it will be seeking to file new charges in relation to new criminal conduct arising from the six violations set forth in this Petition. The government stated that it would now proceed with the evidentiary hearing concerning the violations. Counsel for the Defendant is aware that there may be new charges filed concerning new criminal conduct arising from the facts underlying these six violations.

    2.    The government called as its sole witness Ms. McInnis of the United States Probation Office in Miami Lakes, Florida. She is the Defendant's supervising Probation Officer. The Defendant's supervision began on or about October 10, 2008 subsequent to his conviction for transfer of obscene material to a minor, in violation of Title 18, United

States Code, Section 1470. The Defendant's sentence was five years probation with special conditions.

3. Ms. McInnis testified that she explained all of the special conditions to the Defendant at the time that his supervision began. One specific condition which serves as the basis for the six violations set forth in this Petition is the restriction from possessing any sexual materials, to wit, the Defendant shall not buy, sell, exchange, possess, trade, or produce visual depictions of minors or adults engaged in sexually explicit conduct. The Defendant shall not correspond or communicate in person, by mail, telephone, or computer, with individuals or companies offering to buy, sell, trade, exchange or produce visual depictions of minors or adults engaged in sexually explicit conduct. Ms. McInnis also testified that she explained the search condition to the Defendant at the time that his supervision began. This condition permitted her to office search the Defendant's residence and any personal property, including computers and phones, at any time. Ms. McInnis testified that the Defendant understood all of his special conditions of supervision after they were explained to him at the time that his supervision began.

4. These violations arose based upon a conversation that Ms. McInnis had with the Defendant's therapist on or about March 24, 2010. The Defendant was in his treatment program and was observed by another probation officer looking at messages on his telephone which the probation officer believed were "sexting." Ms. McInnis defined sexting as texting of sexually explicit messages and/or photos with other individuals. The Defendant's therapist told the Defendant that he was not to do that as did Ms. McInnis. Ms. McInnis did look at some of the messages on the Defendant's phone and found that they were sexually explicit. The Defendant promised to not do it in the future.

5.  On or about July 17, 2010, the Defendant was administered a polygraph examination to which the Defendant voluntarily consented. This was done as part of his treatment and special conditions of supervision. When asked if he had been participating in any inappropriate behaviors, the Defendant admitted using phone chat lines to have sexual conversations with adults. The analysis of the polygraph was that the Defendant was deceptive. The polygraph report was not provided to Ms. McInnis until sometime in August. After reviewing it, she discussed this with the Defendant. It was at that time that he admitted that he had used the chat lines to have sexual conversations with adults and that he had stopped. Ms. McInnis did not look at the Defendant's telephone at that time but did ask for copies of his cellular bills. He did provide partial bills to her.

6.  A search of the Defendant's residence was approved by a United States Probation Office Management Team and was conducted on December 29, 2010. A search of the Defendant's residence was conducted by five U. S. Probation Officers which included Ms. McInnis and one supervising U. S. Probation Officer. At the time that the search was conducted, the Defendant's father, brother, and the Defendant were present. The family and the Defendant were asked to step outside of the residence. Four U. S. Probation Officers then searched the residence. Ms. McInnis and the supervisor stayed outside of the residence with the Defendant's family and the Defendant.

7.  While outside, the supervising U. S. Probation Officer looked at the Defendant's cellular telephone and saw depictions on there which he did not believe should be on the telephone. The supervisor made this comment to the Defendant. The telephone was then later shown to Ms. McInnis and she confirmed that it contained adult pornography. The Defendant was asked where he obtained the photos and he said other

people had sent them to him and then he had sent them to other people. A further search of the phone there at the residence then disclosed child pornography. The supervisor found this child pornography and showed it to Ms. McInnis.

8.     There were six images which are considered to be child pornography on the Defendant's phone. There was also one video which would satisfy the definition of child pornography along with some adult pornography.

9.     Admitted into evidence at this hearing without objection are Government's Exhibit Nos. 1 through 6 inclusive. These are photos and images of child pornography as downloaded and copied from the Defendant's phone by ICE agents pursuant to a search warrant permitting forensic examination of that telephone. There were four cellular telephones found at the Defendant's house. They did not appear to have any pornography on them. However, they are still being forensically examined.

10.    The photographs admitted into evidence will be sealed by the Clerk of Court for later review by the District Court should it be necessary. The testimony of Ms. McInnis was that the photograph in Exhibit Number 1 corresponds to the image found and described in Violation Number 1 of the Petition. Ms. McInnis testified that the photograph in Exhibit Number 2 corresponds to the image found and described in Violation Number 2 of the Petition. Ms. McInnis testified that the photograph in Exhibit Number 3 corresponds to the image found and described in Violation Number 3 of the Petition. Ms. McInnis testified that the photograph in Exhibit Number 4 corresponds to the image found and described in Violation Number 4 of the Petition. Ms. McInnis testified that the photograph in Exhibit Number 5 corresponds to the image found and described in Violation

Number 5 of the Petition. Ms. McInnis testified that the photograph in Exhibit Number 6 corresponds to the image found and described in Violation Number 6 of the Petition.

11. The Defendant presented no witnesses, evidence or argument at the evidentiary hearing.

12. Based upon the testimony of Ms. McInnis as the supervising U. S. Probation Officer for the Defendant and the exhibits admitted into evidence, this Court finds that the government has sustained its burden in respect to Violation Numbers 1 through 6 inclusive set forth in the Petition. The testimony of Ms. McInnis is that the photographs numbered 1 through 6 sequentially correspond to the dates and descriptions set forth in Violation Numbers 1 through 6 inclusive. This Court does not have any evidence to the contrary. Based upon the Defendant having these images on his telephone, this Court finds that he has violated the special condition referenced herein as more particularly set forth in each violation in the Petition. This Court will recommend that the Defendant's supervised release be revoked and that the District Court conduct a sentencing hearing at its earliest convenience for final disposition of this matter.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to the violations set forth in paragraphs 1 through 6 of the Petition and that the District Court conduct a sentencing hearing at its earliest convenience for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 21st day of January, 2011, at Fort Pierce, in the Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
AUSA Diana M. Acosta
AFPD Panayotta Augustin-Birch
U. S. Probation
U. S. Marshal